IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-01574-PAB-KLM

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

CELL>POINT, LLC,
CELL THERANOSTICS, LTD.,
CELL THERANOSTICS, INC.,
GREG RUSSELL COLIP, and,
TERRY ALLEN COLIP,

    Defendants.

---

## ORDER

---

This matter is before the Court on defendant Cell Theranostics, Ltd.'s Motion to Modify Preliminary Injunction [Docket No. 129]. Defendant Cell Theranostics, Ltd. seeks an order pursuant to Fed. R. Civ. P. 65 modifying the Court's previous injunction binding Cell Theranostics, Ltd. from violating Section 10(b) of the "Exchange Act," 15 U.S.C. § 78j(b) and Section 17(a) of the "Securities Act," 15 U.S.C. § 77q(a) *Id.* at 2, ¶ 6.

## I. BACKGROUND

On June 10, 2021, the SEC filed this lawsuit against defendants Cell>Point, LLC ("Cell>Point"), Greg Colip, and Terry Colip, bringing claims against all defendants for fraud under Sections 10(b) and 20(a) of the Exchange Act, 15 U.S.C. § 78j(b), against the individual defendants for aiding and abetting violations of the Exchange Act, against

all defendants for fraud in the offer or sale of securities under Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and against the individual defendants for aiding and abetting violations of the Securities Act. Docket No. 1 at 38-42, ¶¶ 156-170.

On November 24, 2021, the SEC filed a motion seeking a preliminary injunction against defendants. Docket No. 45 at 13. The Court held a hearing on the SEC's motion on January 25, 2022. Docket No. 89. The Court found that Cell>Point is a biotech company that is developing a radiopharmaceutical compound for clinical oncology. Docket No. 93 at 2-3. Defendant Greg Colip is the chief executive officer and a managing member of Cell>Point and defendant Terry Colip is the chief financial officer of Cell>Point. *Id.* Defendants Cell Theranostics, Inc. and Cell Theranostics, Ltd. are subsidiaries of Cell>Point. *Id.* at 3.

On February 14, 2022, the Court entered a preliminary injunction enjoining defendants from violating securities laws. *Id.* at 19-22. The Court found that Terry Colip made material misstatements to two Cell>Point investors in June 2021 in violation of the Securities Act and the Exchange Act. *Id.* at 15-17. The Court ordered that

> defendant Cell>Point, L.L.C. and its subsidiaries, including, but not limited to, Cell Theranostics, Inc. and Cell Theranostics, Ltd.; defendant Terry A. Colip; and defendant Greg R. Colip (collectively, "Defendants") . . . are enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange: A. Employing any device, scheme, or artifice to defraud; B. Making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or C. Engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

*Id.* at 20.  The Court also found that defendants Cell Theranostics, Inc. and Cell Theranostics, Ltd. were subsidiaries of Cell>Point, LLC and enjoined both entities from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).  *Id.* at 20-21.

On May 16, 2022, the SEC filed a motion to amend seeking to add Cell Theranostics, Ltd. and Cell Theranostics, Inc. as defendants.  Docket No. 119.  On July 18, 2022, Judge Mix granted the SEC's motion.  Docket No. 139 at 9.  On July 18, 2022, the SEC filed an amended complaint naming Cell Theranostics, Inc. and Cell Theranostics, Ltd. as defendants.  *See* Docket No. 140.

## II. LEGAL STANDARD

Rule 65 states an injunction may bind "the parties; [] the parties officers, agents, servants, employees, and attorneys, and [] other persons who are in active concert or participation with anyone" already bound.  Fed. R. Civ. P. 65(d)(2).  An injunction may be modified when its prospective application is no longer equitable.  *Verlo v. Martinez*, 820 F.3d 1113, 1126 n.4 (10th Cir. 2016) (quoting *Horne v. Flores*, 557 U.S. 433, 447 (2009)).  Under Fed. R. Civ. P. 60(b)(5), the party moving to modify the injunction bears the burden of establishing changed circumstances that warrant relief.  *Id.*  "[W]here a modification of an injunctive decree is sought the court should determine whether the changes are so important that dangers, once substantial, have become attenuated to a shadow, and it must be shown that the moving party is exposed to severe hardships of extreme and unexpected nature."  *Ridley v. Phillips Petroleum Co.*, 427 F.2d 19, 22 (10th Cir. 1970) (internal quotations omitted).

## III. ANALYSIS

Cell Theranostics, Ltd. argues that it should no longer be bound by the Court's

3

injunction because it is no longer a subsidiary of Cell>Point, LLC and has a separate board of directors and separate management. Docket No. 129 at 1, ¶ 3. Cell Theranostics, Ltd. also claims that it is no longer controlled by Greg or Terry Colip. *Id.* at 2, ¶ 4. As a result, Cell Theranostics, Ltd. argues that it no longer fits under any of the categories enumerated in Fed. R. Civ. P. 65(d)(2) and it can no longer be bound by the Court's injunction. *Id.* at 2, ¶¶ 5-6.

On July 13, 2022, the Court held Greg Colip and Terry Colip in contempt of the Court's preliminary injunction order. Docket No. 138 at 17. As part of the contempt hearing, the Court found that on February 22, 2022 Terry Colip solicited a loan for Cell>Point, LLC from Jordan Bonicelli in violation of the Court's preliminary injunction order. *Id.* at 4, 15. On May 3, 2022, Terry Colip emailed Michael Ricks, the president of Cell Theranostics, Ltd., and instructed him to persuade Mr. Bonicelli that an initial public offering of Cell Theranostics, Ltd. was imminent. *Id.* at 5. The Court found that an initial public offering was not imminent. *Id.* at 16. Additionally, the Court found that on March 16, 2022 Terry Colip obtained a loan from Wayne Wong in violation of the Court's order by making misrepresentations on the imminence of an initial public offering for Cell Theranostics, Ltd. *Id.*

Greg Colip, Terry Colip, and Cell>Point, LLC have been held in contempt for a second time. Docket No. 195 at 16. In the contempt order, the Court found that on August 29, 2022 Terry Colip held a meeting with investors in Cell>Point, LLC to discuss, among other things, "the financial well-being of Cell Theranostics." *Id.* at 7. On December 5, 2022, in connection with the second contempt hearing, Greg Colip filed a pleading as an attorney for Cell Theranostics, Ltd. in this case. Docket No. 189 at 3.

Moreover, at the December 6, 2022 contempt hearing, Greg Colip appeared as an attorney for Cell Theranostics, Ltd.

Although Cell Theranostics, Ltd. claims it is now a separate entity from Cell>Point, LLC and is not controlled by Terry or Greg Colip, Docket No. 129 at 1-2 ¶¶ 3-4, Cell Theranostics, Ltd. has not met its burden of demonstrating changed circumstances that require modifying the Court's preliminary injunction because it has not shown the company is not controlled, or at least still being manipulated, by the Colips.

Even if Cell Theranostics, Ltd. could demonstrate it is no longer connected to or a subsidiary of any of the other defendants, it can still be bound by the Court's injunction under Rule 65.  The amended complaint names Cell Theranostics, Ltd. as a defendant, Docket No. 140 at 1, and Rule 65(d) allows named parties to be bound by injunctions. The reason that the Court required Cell Theranostics, Ltd. to comply with the preliminary injunction is still relevant today.  As Cell Theranostics, Ltd. does not provide any other changed circumstances warranting relief to meet its burden for modifying an injunction, the Court will deny its motion.

## IV. CONCLUSION

It is

**ORDERED** that defendant Cell Theranostics, Ltd.'s Motion to Modify Preliminary Injunction [Docket No. 129] is **DENIED**.

DATED January 17, 2023.

BY THE COURT:

Philip A. Brimmer
Chief United States District Judge