IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 21-cv-1574-PAB-SBP

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

        v.

CELL>POINT, L.L.C.,
CELL THERANOSTICS, LTD,
CELL THERANOSTICS, INC.,
GREG RUSSELL COLIP, and
TERRY ALLEN COLIP,

    Defendants.

**PLAINTIFF'S UNOPPOSED MOTION TO ADJOURN *SINE DIE* THE PRESENTLY SCHEDULED TRIAL AND RELATED PRE-TRIAL FILINGS AND DEADLINES**

Plaintiff United States Securities and Exchange Commission ("SEC" or "Commission") respectfully submits this motion to adjourn the presently scheduled August 12, 2024 jury trial and all related pre-trial dates and deadlines *sine die*. Defendants have advised that they have no objection to this request. *See* D.C.COLO.LCivR 7.1(a), (c).

On November 20, 2023, the Court entered an Order setting this matter for a ten-day jury trial to commence on August 12, 2024. *See* Docket No. 274 at 1. The Court also scheduled pre-trial filing and hearing dates, including a Trial Preparation Conference on July 26, 2024. *See id.* at 1-3.

On March 15, 2024, the Court granted Plaintiff's motion for partial summary judgment as to the First and Fifth Claims in the Amended Complaint (Docket No. 140) against Defendants

Cell>Point, L.L.C., Greg Colip, and Terry Colip, which alleged violations of Section 10(b) of the Securities Exchange Act of 1934 and Section 17(a)(2) of the Securities Act of 1933, respectively. *See* Docket No. 290. Also on March 15, 2024, the Court entered an Order denying various motions for relief, including the Defendants' request to discharge previously imposed contempt sanctions, the SEC's Third Emergency Motion to Hold Defendants in Civil Contempt, the SEC's renewed applications for an asset freeze, and multiple motions to intervene. *See* Docket No. 291. In that decision, the Court noted that it expected a forthcoming motion from the SEC concerning remedies it seeks. *Id.* at 16, 17, 19.

The SEC has begun the process of preparing a motion for remedies. As part of that filing, the SEC anticipates that it will seek disgorgement, pre-judgment interest, civil money penalties, injunctive relief, and bars. While certain claims in the Amended Complaint were not the subject of the SEC's motion for partial summary judgment, and thus remain unadjudicated, those open claims concern a small fraction of the Defendants' alleged fraudulent conduct and, in part, overlap with the Court's earlier rulings holding Defendants in contempt. *See* Docket No. 291, at 2-5 (recounting procedural history of contempt rulings). The Commission will evaluate, based on the remedies motion and subsequent decision by the Court, if it would be in the interest of the parties, victims, and public to seek a trial adjudication of the unadjudicated claims. If this application is granted and following the Court's ruling on the SEC's remedies motion, if the SEC does not elect to dismiss the unadjudicated claims, the SEC respectfully requests the right to seek a new trial date on open claims.

In order to allow the parties time to prepare remedies briefing and to avoid potentially wasting the Court's and parties' resources preparing for a trial that may be unnecessary, the Commission requests that the Court adjourn the presently scheduled trial *sine die*. The

Commission also requests the adjournment of all attendant pre-trial dates.  Counsel for Defendants have advised they do not oppose this request.  Among other matters, the requested relief will allow the parties to focus their efforts on remedies briefing and preserve resources of the parties and Court.

        Respectfully submitted,

        */s/ James P. McDonald*
        Zachary T. Carlyle
        James P. McDonald
        Attorneys for Plaintiff
        U.S. Securities and Exchange Commission
        Denver Regional Office
        1961 Stout Street, 17th Floor
        Denver, Colorado 80294
        (303) 844-1000