IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 21-cv-1574-PAB-SBP

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,

v.

CELL>POINT, L.L.C.,
CELL THERANOSTICS, LTD,
CELL THERANOSTICS, INC.,
GREG RUSSELL COLIP, and
TERRY ALLEN COLIP,

Defendants.

---

**PLAINTIFF'S UNOPPOSED MOTION TO AMEND PLEADINGS TO DISMISS REMAINING CLAIMS OF THE AMENDED COMPLAINT**

---

Plaintiff United States Securities and Exchange Commission ("SEC" or "Commission") respectfully submits this unopposed motion under Fed. R. Civ. P. 15(a)(2) to amend the pleadings by dismissing those claims in the First Amended Complaint (Dkt. No. 140) that remain unadjudicated following the Court's March 15, 2024 Order granting Plaintiff's Motion for Partial Summary Judgment (Dkt. No. 290) ("PSJ Order"). Dismissal of these claims, along with the resolution of the Commission's accompanying Motion for Judgment and Remedies, will resolve all outstanding matters in this action.

In the PSJ Order, the Court granted Plaintiff's motion for partial summary judgment (Dkt. No. 239) ("PSJ Motion") as to the First and Fifth Claims in the Amended Complaint (Dkt. No. 140, at ¶¶ 285-287; 297-299) against Defendants Cell>Point, L.L.C., Greg Colip, and Terry Colip, which alleged violations of, *inter alia*, Section 10(b) of the Securities Exchange Act of

1934 ("Exchange Act") and Rule 10b-5(b) thereunder, and Section 17(a)(2) of the Securities Act of 1933 ("Securities Act"). *See* PSJ Order at 19.

The Commission and the Defendants have executed a signed Stipulation, attached as Exhibit 1,[1] and the Commission now moves the Court, to dismiss the following claims and portions of claims for which the Court has not previously granted partial summary judgment (collectively, the "Remaining Claims"):

(1) First Claim for Relief against Cell Theranostics, Ltd. ("CT, Ltd.") and Cell Theranostics, Inc. ("CT, Inc.") (the "Cell Theranostics Entities") alleging violations of Exchange Act Section 10(b) and Rule 10b-5 thereunder, for the period of in or around February 2021 through April 2022; alleging the same violations against Cell>Point, Greg Colip, and Terry Colip for the period of March 2021 through April 2022; and alleging violations of Rule 10b-5(a) and (c) against Cell>Point, Greg Colip, and Terry Colip for the period of January 2016 through April 2022;

(2) Second Claim for Relief against, alternatively, Greg Colip and Terry Colip alleging control person liability under Exchange Act Section 20(a) for Cell>Point's violations of Exchange Act Section 10(b) and Rule 10b-5 thereunder for the period of January 2016 through April 2022;

(3) Third Claim for Relief against, alternatively, Greg Colip alleging aiding and abetting Cell>Point and Terry Colip's violations of Exchange Act Section 10(b) and Rule 10b-5 thereunder for the period of January 2016 through April 2022;

(4) Fourth Claim for Relief against, alternatively, Terry Colip and Greg Colip alleging aiding and abetting the Cell Theranostics Entities' violations of Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder, for the period of in or around February 2021 through April 2022;

(5) Fifth Claim for Relief against the Cell Theranostics Entities alleging violations of Securities Act Section 17(a), for the period of in or around February 2021 through April 2022; and alleging the same violations against Cell>Point, Greg Colip and Terry Colip for the period of March 2021 through April 2022; and alleging violations of Section 17(a)(1) and 17(a)(3) against Cell>Point, Greg Colip and Terry Colip for the period of January 2016 through April 2022;

[1] As indicated, upon conferral, Defendants stipulated to the requested relief. *See* D.C.COLO.LCivR 7.1(a), (c).

(6) Sixth Claim for Relief against, alternatively, Greg Colip alleging aiding and abetting Cell>Point's and Terry Colip's violations of Securities Act Section 17(a) for the period of January 2016 through April 2022; and

(7) Seventh Claim for Relief against, alternatively, Terry Colip and Greg Colip alleging aiding and abetting the Cell Theranostics Entities' violations of Section 17(a) of the Securities Act for the period of in or around February 2021 through April 2022.

Thus, if this application is granted, the parties would proceed to a remedies phase and final judgment on the two Claims for which the Court has already granted partial summary judgment, and which are the subject of the SEC's Motion for Judgment and Remedies filed earlier today. *See* Dkt. No. 296. Specifically, those are the First Claim for Relief against Cell>Point, Greg Colip and Terry Colip concerning violations of Exchange Act Section 10(b) and Rule 10b-5(b) thereunder for the period of January 2016 through February 2021; and the Fifth Claim for Relief, against Cell>Point, Greg Colip and Terry Colip concerning violations of Securities Act Section 17(a)(2) for the period of January 2016 through February 2021.

## I. Relevant Background

### A. Procedural History and Partial Summary Judgment

On June 10, 2021, the Commission filed the initial Complaint against Cell>Point, Greg Colip, and Terry Colip alleging violations of Section 10(b) of the Exchange Act, and Rule 10b-5 thereunder, and Section 17(a) of the Securities Act. *See* Dkt. No. 1: Complaint, ¶¶ 156-158, 165-167. In addition, the Complaint alleged control person liability against the Colips, in violation of Section 20(a) of the Exchange Act, *id.* ¶¶ 159-161, and aiding and abetting liability against Greg Colip under both the Exchange Act and Securities Act, *id.* ¶¶ 162-164, 168-170. The time period of the alleged conduct was January 2016 to February 2021. *Id.* ¶¶ 1, 157, 160, 163, 166, 169. In March 2021, Greg Colip formed CT, Inc., a Delaware company; and in May 2021, the Colips formed CT, Ltd., a Cayman-Island corporation. *See* Dkt. No. 140: First Amended Compl.

("FAC") ¶¶ 16-17, 159; Dkt. No. 93, Preliminary Injunction Order ("PI Order") at 3. CT, Inc. was owned by Cell>Point, *id.*, and CT, Ltd. was controlled by the Colips (and later Cell>Point) and created for the purpose of pursuing an IPO in Hong Kong, *see* FAC ¶ 31-33.

After forming the Cell Theranostics Entities in February 2021 and May 2021, Greg Colip and Terry Colip continued soliciting investors in connection with the Cell Theranostics Entities. *See* FAC ¶¶ 159. In June 2022, the Commission filed the Amended Complaint alleging additional violative conduct involving the Colips and the Cell Theranostics Entities between February 2021 and April 2022, and also adding the Cell Theranostics Entities as Defendants. Dkt. No. 140. The Amended Complaint extended the endpoint of the Relevant Period of fraudulent conduct from February 2021 to April 2022. *See* FAC ¶ 1.

In July 2023, the Commission moved for partial summary judgment on the First and Fifth Claims for relief against Cell>Point, Terry Colip, and Greg Colip based on the misrepresentations of Cell>Point and the Colips from January 2016 through at least February 2021. *See* PSJ Motion, at ¶ 9. Thus, the PSJ Motion did not address any of the Cell Theranostics Entities' or other Defendants' conduct from February 2021 through April 2022, nor did it address all of the potential claims against Defendants Cell>Point, Greg Colip, or Terry Colip under Exchange Act Section 10(b) and specifically Rule 10b-5(a) and (c) or Securities Act Section 17(a)(1) and 17(a)(3), or any of the alternative theories of liability. As the Commission noted at the time, although the PSJ Motion dealt with "only a fraction of Defendants' fraud on Cell>Point investors, by granting summary judgment it will simplify (if not obviate the need for) trial given the SEC will be entitled to seek millions of dollars in remedies." *Id.* at 2.

On March 15, 2024, the Court granted the PSJ Motion finding violations by Cell>Point, Greg Colip and Terry Colip of Exchange Act Section 10(b) and Rule 10b-5(b) thereunder, and

Securities Act Section 17(a)(2), PSJ Order, at 19, for the period of January 2016 through February 2021, *id.* at 3. This concerned misstatements by these Defendants about "the value of the capital raised by Cell>Point and the value of the investments made by Terry and Greg Colip in Cell>Point," *id.* at 10 (citing PSJ Motion, at 16).

On May 10, 2024, the Commission filed its Motion for Judgment and Remedies as to Cell>Point, Greg Colip and Terry Colip. Dkt. No. 296.

**B. Cell Theranostics Entities' Status**

On November 11, 2023, Greg Colip, as attorney for Defendants, submitted a "Request by Advanced Chelation Technologies, Inc. for Consideration of Proposed Transaction Plan." Dkt. No. 269. In his filing, Mr. Colip advised that Advanced Chelation Technologies (also referenced as "ACT") "is an independent company who has been working on acquiring certain assets of Cell>Point as part of the implementation of a registration plan leading to registration on the Hong Kong Stock Exchange." *Id.* At 1-2. After the SEC filed an Opposition to the proposal submitted by Greg Colip, Dkt. No. 275, ACT filed a motion to intervene on behalf of certain Cell>Point investors, Dkt. No. 280. In ACT's motion to intervene, counsel for ACT indicated that, following the Preliminary Injunction in this matter, "Cell Theranostics, Ltd. . . . ceased to exist, except on paper." *Id.* ¶ 25. The Court denied ACT's motion to intervene without prejudice after issuing the PSJ Order. Dkt. No. 291, at 17.

The Commission has also obtained Delaware corporate filings for CT, Inc., which show that the company's status is "forfeited" as of February 2023, and that it owes more than $293,000 in taxes. *See* Ex. 2: Delaware Division of Corporations Filing: Cell Theranostics, Inc. (retrieved March 21, 2024).

**II. The Remaining Claims Should be Dismissed.**

Rule 15(a)(2) provides that, after the initial stages of an action, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Tenth Circuit has stated that "[r]efusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted).

Here, leave to amend by dismissing the Remaining Claims without prejudice should be granted. Plaintiff and Defendants have agreed to such an amendment and signed a stipulation with Plaintiff to the requested relief, as permitted by Fed. R. Civ. P. 15(a)(2). *See* Ex. 1. The signed Stipulation indicates the parties' mutual agreement and that the requested relief is in their respective interests. For these reasons, the SEC respectfully requests this relief be granted and that the parties proceed through the remedies phase and to final judgment.

**III. Conclusion**

For the foregoing reasons, Plaintiff respectfully requests, on consent of the Defendants, that the Amended Complaint be amended and the Remaining Claims dismissed without prejudice.

Respectfully submitted,

*/s/* James P. McDonald

Zachary T. Carlyle
James P. McDonald
Attorneys for Plaintiff
U.S. Securities and Exchange Commission
1961 Stout Street, 17th Floor
Denver, Colorado 80294
(303) 844-1000