IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-01574-PAB-SBP

UNITED STATES SECURITIES AND EXCHANGE COMMISSION,

      Plaintiff,

v.


CELL>POINT, LLC,
GREG COLIP, and
TERRY COLIP,

      Defendants.

---

## ORDER

---

This matter comes before the Court on Defendants' Motion for Reconsideration of Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Remedies and Final Judgment [Docket No. 330].  The Court has jurisdiction pursuant to 28 U.S.C. § 1331.

**I.  BACKGROUND**

On June 10, 2021, the United States Securities and Exchange Commission ("SEC") filed this lawsuit against defendants Cell>Point, LLC ("Cell>Point"), Greg Colip, and Terry Colip (collectively, "defendants"), bringing claims (1) against all defendants for fraud under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"),15 U.S.C. § 78j(b), (2) against the individual defendants for aiding and abetting violations of the Exchange Act, (3) against all defendants for fraud in the offer or sale of securities under § 17(a) of the Securities Act of 1933 ("Securities Act"), 15

U.S.C. § 77q(a), and (4) against the individual defendants for aiding and abetting violations of the Securities Act.  Docket No. 1 at 38–42, ¶¶ 156–70.  On July 21, 2023, the SEC moved for summary judgment on its first and fifth claims against defendants, namely, violations of § 10(b) of the Exchange Act and Rule 10b-5 (claim 1) and violations of § 17(a)(2) of the Securities Act and Rule 10b-5(b) (claim 5).  Docket No. 239.  On March 15, 2024, the Court granted the SEC's motion for summary judgment on claims one and five.  Docket No. 290.

On May 10, 2024, the SEC filed a motion seeking remedies and final judgment based on the Court's granting summary judgment on claims one and five.  Docket No. 296.  On February 27, 2025, the Court granted in part and denied in part the SEC's motion for remedies.  Docket No. 325.  On March 4, 2025, the Court amended its order to correct a clerical error.  Docket No. 328.  The Court ordered Terry Colip to disgorge $2,211,096.30 in profits from defendants' fraud and to pay $737,597.39 in prejudgment interest, as well as to pay a civil penalty of $1,270,745.  *Id.* at 42.  The Court ordered Greg Colip to disgorge $559,982.46 in profits, to pay $178,085.40 in prejudgment interest, and to pay a civil penalty of $321,829.  *Id.*

In their response to the motion for remedies, defendants argued that all of the money Greg Colip received from Cell Point during the period of defendants' fraud was compensation for work he performed as a member of Cell>Point and as its CFO.  *Id*. at 21.  Defendants maintained that Greg Colip received $643,658 in compensation, which he was entitled to keep as part of a legitimate business expense.  *Id.*  This figure matched the amount of money the SEC claimed was distributed out of Cell>Point bank accounts to Greg Colip for the same period.  *Id*. at 22.

In the Court's order on the SEC's motion for remedies, the Court also noted that the SEC claimed that Cell>Point distributed $1,607,093 in payroll payments during the same period.  *Id.*  Seventy-five percent of these payments were made to the founding members of Cell>Point, namely, Greg Colip, Terry Colip, and Jerry Bryant.  *Id.* Defendants did not contest that these payroll distributions were made.  The Court found that, although "defendants appear to claim that the $643,658 paid to Greg Colip was compensation above and beyond the money he received as part of the company's payroll disbursements, they do not explain why Greg Colip received these additional payments, what work these payments were made for, and why this work was beyond the scope of the work for which Mr. Colip received payroll disbursements."  *Id.*  The Court further concluded that "Greg Colip's declaration, without any documentary support substantiating the amount he received as compensation and what the compensation was for, is insufficient to meet defendants' burden to produce concrete and credible evidence of the value of defendants' business expenses and of demonstrating that those expenses furthered a legitimate business purpose."  *Id.* (citation and quotation omitted).

Regarding Terry Colip, defendants admitted that the "SEC correctly shows $2,541,490 that was distributed to Terry Colip during the Relevant Period."  *Id.* at 24. However, defendants maintained that Terry Colip should not be required to disgorge this entire sum.  *Id.* at 24–25.  Instead, they argued that Terry Colip, out of fairness, should be allowed to keep the same amount of compensation as Greg Colip, $643,658. *Id.*  The Court rejected this argument, finding that "defendants' argument again ignores the compensation Terry and Greg Colip were paid as a part of payroll disbursements"

3

and that "defendants provide no support for the proposition that [Terry Colip's] compensation should be valued at $643,658." *Id.* at 25.

The Court also barred Terry Colip and Greg Colip from acting as officers or directors of a publicly traded company in the future. *Id.* at 42–43. The Court found that "the nature of Terry and Greg Colip's fraud, their roles in the fraud, their refusal to accept responsibility, their refusal to comply with the Court's orders, and their refusal to pay any portion of the contempt sanction[1] all demonstrate that Terry and Greg Colip are likely to engage in further misconduct and that a director and officer bar is appropriate in this case." *Id.* at 38–39 (footnote added).

On March 31, 2025, defendants filed a motion asking the Court to reconsider those portions of the Court's March 4, 2025 order (a) requiring Terry and Greg Colip to disgorge their profits from the securities fraud and (b) prohibiting them from serving as officers or directors of a public company. Docket No. 330. On April 21, 2025, the SEC responded. Docket No. 331.

## II.    LEGAL STANDARD

The Federal Rules of Civil Procedure do not specifically provide for motions for reconsideration. *See Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858, 861 (10th Cir. 1995). Instead, motions for reconsideration fall within a court's plenary power to revisit and amend interlocutory orders as justice requires. *See Paramount Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp. v. Teter*, 313 F.2d 91, 92 (10th

---

[1] On December 28, 2022, the Court held defendants in civil contempt for failing to alert potential investors of the proceedings in this case and ordered defendants to pay a civil contempt sanction of $124,106, which sanction defendants have never paid. Docket No. 195 at 21.

Cir. 1962). In order to avoid the inefficiency which would attend the repeated re-adjudication of interlocutory orders, judges in this district have imposed limits on their broad discretion to revisit interlocutory orders. *See, e.g., Montano v. Chao*, No. 07-cv-00735-EWN-KMT, 2008 WL 4427087, at *5-6 (D. Colo. Sept. 28, 2008) (applying Rule 60(b) analysis to the reconsideration of interlocutory order); *United Fire & Cas. Co. v. McCrerey & Roberts Constr. Co*., No. 06-cv-00037-WYD-CBS, 2007 WL 1306484, at *1-2 (D. Colo. May 3, 2007) (applying Rule 59(e) standard to the reconsideration of the duty-to-defend order). Regardless of the analysis applied, the basic assessment tends to be the same: courts consider whether new evidence or legal authority has emerged or whether the prior ruling was clearly in error. *See Echon v. Sackett*, No. 14-cv-03420-PAB-NYW, 2019 WL 8275344, at *2 (D. Colo. Feb. 12, 2019); *cf. Alpenglow Botanicals, LLC v. United States*, 894 F.3d 1187, 1203 (10th Cir. 2018) ("[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law.").

## III. DISCUSSION

"Generally, disgorgement is a form of '[r]estitution measured by the defendant's wrongful gain.'" *Kokesh v. SEC*, 581 U.S. 455, 458–59 (2017). "Disgorgement need only be a reasonable approximation of profits causally connected to the violation." *SEC v. GenAudio Inc.*, 32 F.4th 902, 945 n.22 (10th Cir. 2022). Once the SEC has shown a reasonable approximation of the wrongful gain, "the burden shifts back to the defendant[s] to demonstrate that the disgorgement figure [is] not a reasonable approximation." *Id.* (quoting *SEC v. Teo*, 746 F.3d 90, 105 (3d Cir. 2014) (internal quotations omitted); citing *SEC v. Calvo*, 378 F.3d 1211, 1217 (11th Cir. 2004) ("The SEC is entitled to disgorgement upon producing a reasonable approximation of a

defendant's ill-gotten gains. . . .  Exactitude is not a requirement; so long as the measure of disgorgement is reasonable, any risk of uncertainty should fall on the wrongdoer whose illegal conduct created that uncertainty." (quotation, alteration, and citations omitted)).  The Supreme Court has held that "courts must deduct legitimate expenses before ordering disgorgement under § 78u(d)(5)."  *Liu v. SEC*, 591 U.S. 71, 91–92 (2020).

Defendants argue that the Court erred in concluding that Greg Colip should be required to disgorge $559,982.46 in profits from the fraud.  Docket No. 330 at 2. Defendants maintain that "Greg Colip was compensated a total of $643,658" during the period of defendants' fraud.  *Id.* at 7.  They assert that Greg Colip's compensation was "for legitimate work necessary to address issues and advance the company's business." *Id.* at 2.  As such, defendants appear to argue that Greg Colip's compensation constitutes legitimate expenses that should be deducted from the Court's disgorgement order.

To support their contention that Greg Colip was compensated for legitimate work separate from defendants' fraud, defendants attach seventeen documents.  *See* Docket No. 330-1 through 330-17.  The attachments include research findings from studies of defendants' radio pharmaceutical product, Docket No. 330-3, Docket No. 330-5, United States patents, Docket No. 330-6, Docket No. 330-7, and an unsigned agreement between Cell>Point and a Chinese entity that purports to be an agreement for the Chinese entity to acquire a 12% stake in Cell>Point.  Docket No. 330-15.  Defendants argue that this new evidence requires the Court to reconsider its disgorgement order.

Docket No. 330 at 2 ("Defendants believe that the evidence attached to this Motion will show that the compensation paid to Greg Colip" was legitimate).

However, to support a motion for reconsideration, the evidence must be new to the defendants, not the Court. *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (motions to reconsider are an inappropriate vehicle to advance "supporting facts which were available at the time of the original motion"); *Carolina Indus. Prods., Inc. v. Learjet, Inc.*, 194 F. Supp. 2d 1170, 1174 n.4 (D. Kan. 2002) (a "motion to reconsider is not an opportunity to supplement the record with evidence previously available to the plaintiffs").  Defendants provide no explanation as to why the documentary evidence they now submit was not available to them at the time they filed their response to the SEC's motion for remedies.  *See* Docket No. 330.  The Court will not consider the documents attached to defendants' motion to reconsider since those documents could have been included in defendants' response to the remedies motion.  As such, defendants have provided no basis for the Court to reconsider its order requiring Greg Colip to disgorge $559,982.46.[2]

Even if the Court were to consider the documents, they do not show that the Court should reconsider its prior order.  The documents, at most, show that Cell>Point conducted pharmaceutical research, obtained patents, and attempted to solicit foreign investment.  However, defendants fail to connect Greg Colip's compensation to the business activities evidenced in the documents.  Defendants only support for the

---

[2] In the Court's March 4, 2025 order, the Court found that Greg Colip should be required to disgorge $559,982.46 of the $643,658 he received in disbursements from Cell>Point bank accounts.  Docket No. 328 at 21.  The Court found that a portion of the disbursements made to Greg Colip was paid from funds not connected to the fraud proven by the SEC at summary judgment.  *Id.*

7

proposition that Greg Colip participated in these business activities is the unsupported statement that "Greg Colip was compensated a total of $643,658 over the 5-Year period and in return was substantially engaged in most of the work activity referenced in this Motion." *Id.* at 7.  It is an undisputed fact that Greg Colip is a founding member of Cell>Point and that he is the company's CFO.  Docket No. 290 at 4.  This fact raises an inference that Greg Colip may have been involved in business activities like procuring patents or foreign investment.  However, defendants had the burden of demonstrating what business expenses should have been deducted from the disgorgement order. *Sec. & Exch. Comm'n v. Miller*, 2024 WL 4534512, at *9 (D. Md. Oct. 21, 2024) (defendants have the burden of producing "concrete and credible evidence" to demonstrate the value of their business expenses and that those expenses furthered a legitimate business purpose).  Neither defendants' attached documentary evidence nor the inference that Greg Colip may have been involved in business activities other than defendants' fraudulent activity is sufficient to meet this burden.  Finally, defendants again fail to explain why Greg Colip was compensated $643,658 in addition to the money he received as part of Cell>Point's payroll disbursements.  Therefore, even if the Court were to consider defendants' evidence, the Court would still deny the motion for reconsideration and require Greg Colip to disgorge $559,982.46.

Defendants argue that Terry Colip should be allowed to retain $643,658 of the $2,541,490 he received in disbursements from Cell>Point bank accounts.  Docket No. 330 at 9–11.  Defendants claim that the "managing members of Cell>Point generally drew the same compensation" and that the "compensation drawn by Greg Colip would be the same compensation drawn by Terry Colip and Jerry Bryant."  *Id.* at 10.

8

Defendants' argument is identical to the argument rejected by the Court in the March 4, 2025 order. *See* Docket No. 328 at 25. Defendants do not identify a clear error in the Court's prior order, and their motion is not supported by new evidence or an intervening change in the law. *See id.* Therefore, defendants have failed to show that the Court should reconsider its disgorgement order. *Servants of Paraclete*, 204 F.3d at 1012 ("Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice.").

Defendants state that the Court's order prohibiting Terry and Greg Colip from serving as a director or officer of a publicly traded company "seems an overly harsh penalty" given defendants' "unblemished career[s]" and "the work performed to lead the company into advanced clinical trial studies." Docket No. 330 at 11–12. Defendants appear to be arguing that, although the Court has found that defendants engaged in a multimillion-dollar securities fraud, their work for Cell>Point has not always been fraudulent, and that this warrants reconsideration of the Court's order. Moreover, defendants claim that, because of their age, a director and officer bar would unfairly require them to seek work outside of their experience. *Id.* at 13. Defendants provide no support for the proposition that the Court should consider the hardship to defendants in determining whether to impose a director and officer bar. Rather, the Court considered "(1) the egregiousness of any underlying securities law violation, (2) the defendant's repeat offender status, (3) the defendant's role or position at the time of the violation, (4) the degree of scienter, (5) the defendant's economic stake in the violation, and (6) the likelihood that misconduct will occur again." Docket No. 328 at 37 (quoting *S.E.C. v.*

*Wolfson*, 2006 WL 1214994, at *10 (D. Utah May 5, 2006), *aff'd*, 249 F. App'x 701 (10th Cir. 2007) (unpublished)).  After analyzing these factors, the Court concluded that "Terry and Greg Colip are likely to engage in further misconduct and that a director and officer bar is appropriate in this case."  *Id*. at 38–39.  The Court was aware of defendants' history as managing members of Cell>Point and their age at the time the Court found that a director and officer bar is appropriate.  Nothing in defendants' motion warrants reconsideration of the Court's findings.  Therefore, the Court will deny defendants' motion to reconsider.

## IV.    CONCLUSION

Therefore, it is

**ORDERED** that Defendants' Motion for Reconsideration of Court's Order Granting in Part and Denying in Part Plaintiff's Motion for Remedies and Final Judgment [Docket No. 330] is **DENIED**.

DATED November 10, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge